IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 22-cr-15 (APM) |
| v. | : | |
| ROBERTO MINUTA, | : | |
| JOSEPH HACKETT, | : | |
| DAVID MOERSCHEL, and | : | |
| EDWARD VALLEJO, | : | |
| Defendants. | : | |

**UNITED STATES' MOTION REGARDING SUPPLEMENTAL TRIAL EVIDENCE
AND NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

Roberto Minuta, Joseph Hackett, David Moerschel, and Edward Vallejo (collectively, "the defendants") have been charged by indictment for their participation in a plot to use force to oppose the authority of the Government of the United States and to prevent, hinder, or delay the execution of specific laws and provisions of the Constitution of the United States governing the transfer of presidential power. The government hereby supplements its July 8, 2022, notice of trial evidence pursuant to Federal Rule of Evidence 404(b). In addition to the evidence the Court previously admitted pursuant to the government's prior notice, the government intends to admit evidence proving Roberto Minuta's relationship with co-conspirator Stewart Rhodes that is intrinsic to the charged conspiracy or, in the alternative, admissible pursuant to Rule 404(b).

I.  **Procedural History**

On May 12, 2021, this Court scheduled the nine charged defendants in this case for two trials, one on September 26, 2021 (Stewart Rhodes, Kelly Meggs, Kenneth Harrelson, Jessica

1

Watkins, and Thomas Caldwell, or the "September Trial Group"), and another on November 29, 2021 (Roberto Minuta, Joseph Hackett, David Moerschel, and Edward Vallejo, or the "November Trial Group").  ECF No. 133.  The Court also set a briefing schedule that required the government to provide notice of its intention to introduce any evidence under Federal Rule of Evidence 404(b) to the defendants by July 8, 2022.  *Id*.  The government did so.  ECF No. 187.  On July 29, 2022, defendants Watkins, Caldwell, and Meggs filed various oppositions to the government's notice.  ECF Nos. 217, 218, 219.  The government filed its omnibus opposition to the defendants' motions in limine on August 12, 2022.  ECF No. 251.  Caldwell filed a reply brief on August 13 (ECF No. 256), Meggs on August 19 (ECF No. 264), and Watkins on August 20, 2022 (ECF No. 270).  After a hearing, the Court issued its ruling on the noticed 404(b) evidence on September 6, 2022.  ECF No. 288.

The Court held that the following evidence was admissible: (1) evidence that certain co-conspirators, including Roberto Minuta, traveled to Washington, D.C. in November 2020, and that some organized an armed Quick Reaction Force ("QRF") as they did for January 6, 2021; (2) evidence that co-conspirator Jeremy Brown transported explosives to the Washington, D.C. area on January 6, 2021; (3) evidence that certain co-conspirators including Stewart Rhodes, Kelly Meggs, and Jessica Watkins discussed and prepared for violent conflict with government actors after January 6 and before January 20, 2021; and (4) evidence that co-conspirator Thomas Caldwell attempted to have someone build him firearms before January 20, 2021.  *Id*.  The government intends to use this evidence against the November Trial Group.

The briefing schedule also ordered the government to supplement the previous 404(b) notice for the November Trial Group if necessary, ECF No. 133 at ¶3, which is now due on October 17, 2022.

## II.     The Government's Supplemental Notice[1]

The government will seek to introduce evidence of Roberto Minuta's pre-conspiracy statements and actions surrounding his relationship with Stewart Rhodes and the Oath Keepers.

On May 30, 2020, Roberto Minuta organized what he called a "New York Freedom Rally" to open the tattoo shop he owned named "Casa Di Dolore." According to a flier for the event, he was opening the shop "in direct defiance of Gov. Cuomo's Executive Orders; this is a display of defiance against a tyrannical dictator, and a reminder that our rights shall not be infringed." Minuta implored law enforcement to join him rather than enforce the law: "We will be respectfully demanding law enforcement to uphold the oath they took to the constitution and to stand in solidarity with We the People in defiance of highly unconstitutional orders that directly violate their oath." At the bottom of the flier, Minuta included the Oath Keepers logo with the phrase, "Guardians of the Republic." In a video promoting his event, Minuta stated, "I beg of the . . . [local] police, state police, sheriff's departments . . . FBI, swat team . . . You cannot enforce these supposed laws. They're not laws. We do have a Constitution. We do have a Bill of Rights. And I implore you to recall the oath that you all took to defend and uphold that constitution against enemies foreign and domestic." A redacted picture of the flier is below:

---

[1] The government hereby incorporates the factual background and legal standard detailed in its previous Rule 404(b) notice filed on July 8, 2022. ECF No. 187 at 3-12.



In a podcast interview, Minuta and Rhodes appeared and discussed Minuta's upcoming May 30, 2020, event. Rhodes stated, "Roberto was in Virginia back in Jan 20, we ran into each other in the streets. We were both there for the big, massive open carry protest against their tyrant governor, Governor Northam." Rhodes added: "Robert, we're proud of him as a member of Oath Keepers. I told him a little while ago . . . I'm going to designate him as a lifetime Oath Keeper. . . . [H]e earned it. He's earning it right now. We're honored to have him as a member of Oath Keepers." Minuta concluded the interview by referencing his status as a "Three Percenter": "If

4

you consider yourself a Three Percenter, you're labeling yourself as someone that's ready to take the ultimate stand when the time comes. So if you're not willing to take the stand when we're here and this is the final peaceful battle, then you're proving yourself to be not what you represent."[2]

On May 30, 2020, Rhodes met Minuta at his tattoo shop. Minuta, wearing an Oath Keepers shirt, tattooed "We the People" and part of the preamble of the Constitution on Rhodes's left forearm in violation of then-existing state executive orders related to the Covid-19 pandemic.

This evidence tends to prove and contextualize Minuta's relationship with the leader of the charged conspiracy, Stewart Rhodes, and the Oath Keepers, generally, and is thus intrinsic to the charged conspiracy. *See United States v. Allen*, 960 F.2d 1055, 1058 (D.C. Cir. 1992) ("Rule 404(b) excludes only evidence 'extrinsic' or 'extraneous' to the crimes charged, not evidence that is 'intrinsic' or 'inextricably intertwined.'"); *see also United States v. Washington*, 12 F.3d 1128, 1135 (D.C. Cir. 1994); Fed. R. Evid. 404(b), Advisory Comm. Note regarding 1991 Amendment ("The amendment does not extend to evidence of acts which are 'intrinsic' to the charged offense."). This principle applies with particular force in cases, such as this, that involve a conspiracy. Where evidence of the defendant's acts is either inextricably intertwined with the charged conspiracy, or provides evidence of the conspiracy itself, it is admissible without Rule 404(b) analysis even if those acts fall outside the period during which the indictment alleges the conspiracy existed. *United States v. Diaz*, 878 F.2d 608, 614-16 & n.2 (2nd Cir. 1989) (crimes,

---

[2] Minuta also has a tattoo of the roman numeral "III" on his chest, which he photographed and posted on Facebook. A group of individuals, some of whom associate with militias, identify as "Three Percenters" (also known as "III%" or "3%"), based on their view that only three percent of American colonists took up arms against the British during the American Revolution. Some Three Percenters liken the present-day United States Government to British authorities that infringed on civil liberties in the period leading up to and during the American Revolution. Many independent or multi-state militia groups incorporate "III%" into their unit names.

wrongs or acts occurring before alleged inception date of conspiracy were relevant and admissible in drug conspiracy prosecution and did not raise Rule 404(b) question); *United States v. Bates*, 600 F. 2d 505, 509 (5th Cir. 1979) (testimony concerning acts and backgrounds of co-conspirators, including evidence of behavior antedating period covered by indictment, was not extraneous evidence of other crimes, but admissible as bearing on the existence and purpose of the conspiracy and the significance of later behavior).

The fact that Minuta and Rhodes's association revolved around acts that violated local executive orders in May 2020 is not fatal to its admission. It is well-established that evidence of preconspiracy conduct is admissible for the "nonpropensity purpose of proving the relationships among coconspirators" even if that relationship involved criminal acts. *United States v. McGill*, 815 F.3d 846, 884-85 (D.C. Cir. 2016) (citing *United States v. Gaviria*, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (prior drug transactions relevant to "link" the defendant to other coconspirators)); *see also United States v. Rosa*, 11 F.3d 315, 334 (2d Cir. 1993) ("[I]t is within the court's discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators."); *United States v. Burwell*, 642 F.3d 1062, 1067 (D.C. Cir. 2011), *reh'g en banc granted, judgment vacated* (Oct. 12, 2011), *opinion reinstated and aff'd* 690 F.3d 500 (D.C.Cir.2012) ("Because evidence of the three carjackings, the stolen cars, the use of false names, and the marijuana cultivation and distribution was relevant to prove Appellants' association, we see no error in admitting this evidence under Rule 404(b)."). Indeed, Minuta's acts provide evidence of his intent and state of mind when he involved himself with Rhodes and the Oath Keepers—awash with an intent to defy what he viewed

6

as a tyrannical government's unconstitutional acts, the same intent and state of mind he is alleged to have had when he later joined Rhodes and others in a conspiracy to oppose the government of the United States by force. *See United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) ("[U]nder Rule 404(b), *any* purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.").

### III. Conclusion

Accordingly, for the foregoing reasons, the government respectfully requests that the Court permit at trial the introduction of the evidence proffered above as intrinsic evidence of the charged conspiracy or, alternatively, pursuant to Federal Rule of Evidence 404(b).

          Respectfully submitted,

          MATTHEW M. GRAVES
          UNITED STATES ATTORNEY
          D.C. Bar Number 481052

By:        /s/
          Troy A. Edwards, Jr.
          Assistant United States Attorney
          N.Y. Bar No. 5453741
          Ahmed M. Baset
          Louis Manzo
          Jeffrey S. Nestler
          Kathryn Rakoczy
          Assistant United States Attorneys
          U.S. Attorney's Office, District of Columbia
          601 D Street NW
          Washington, D.C. 20530

          /s/
          Alexandra Hughes
          Justin Sher
          Trial Attorneys
          National Security Division,
          950 Pennsylvania Avenue, N.W.
          Washington, D.C. 20004