UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD VALLEJO,<br>                *Defendant*. | No. 22-cr-15 (APM) |

## SUPPLEMENTAL CITATION IN SUPPORT OF CONDITIONAL RELEASE PENDING APPEAL

The defendant, Edward Vallejo, through his attorneys, respectfully supplements the previous briefing with the Supreme Court's decision in *Fischer v. United States*, No. 23-5572, 2024 WL 3208034 (U.S. June 28, 2024).

In his motion for bail pending appeal, Mr. Vallejo argued that "there is a substantial question as to whether the statute underlying his felony convictions on Counts 2 and 3 for obstruction under 18 U.S.C. § 1512(c)(2) applies to his conduct on January 6, 2021, given the Supreme Court's decision to grant certiorari in *Fischer v. United States*, 144 S. Ct. 537 (2023)." ECF 863 at 1. In *Fischer*, the Supreme Court held that, contrary to this Court's ruling regarding the scope of the obstruction statute, the "otherwise" section of the statute is limited to acts that affect the integrity or availability of evidence: "subsection (c)(2) makes it a crime to impair the availability or integrity of records, documents, or objects used in an official proceeding in ways other than those specified in (c)(1)[,]" and "ensures that liability is still imposed for impairing the availability or integrity of *other* things used in an official proceeding beyond the 'record[s],

document[s], or other object[s]' enumerated in (c)(1), such as witness testimony or intangible information." 2024 WL 3208034 at *6 (emphasis in original; citation omitted).

The jury instructions in this case and the indictment both omit the necessary element of evidence impairment required by the Court in *Fischer*. ECF 167 at 33-34; ECF 457 at 25-26. Where the jury's verdict encompassed conduct beyond the coverage of the criminal statute, the conviction must be reversed. *Skilling v. United States*, 561 U.S. 358, 414 (2010) (constitutional error occurs when a jury returns a general verdict that may rest on a legally invalid theory) (citing *Yates v. United States*, 354 U.S. 298 (1957)); *Zant v. Stephens*, 462 U.S. 862, 881 (1945). Given the lack of proof regarding "records, documents, or objects," the insufficiency of the evidence should require dismissal with prejudice. *Burks v. United States*, 437 U.S. 1, 16 (1978). The Court's decision in *Fischer* supports Mr. Vallejo's request for release pending appeal.

        Respectfully submitted,

         *s/ Stephen R. Sady*
        Stephen R. Sady
        Chief Deputy Defender for the
        District of Oregon
        101 SW Main Street, Suite 1700
        Portland, OR 97204
        (503) 326-2123

        Kurt D. Hermansen
        Supervisory Assistant Federal Defender
        859 Willamette Street, Suite 200
        Eugene, OR 97401
        (541) 465-6937