**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**EDWARD VALLEJO,**<br>               *Defendant*. | No. 22-cr-15 (APM) |

**CONSENT MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE**

Pursuant to 18 U.S.C. § 3583(e) and Fed. Crim. P. Rule 32.1(c)(2), Defendant Edward Vallejo respectfully requests that the conditions of his supervised release be modified to remove the requirement of home detention with location monitoring. The government consents to this modification. In support of this motion, Mr. Vallejo states as follows:

1. On June 1, 2023, the Court sentenced Mr. Vallejo to concurrent terms of 36 months followed by 36 months of supervised release. Dkt. 650. The Court directed that the first 12 months of supervised release shall be spent on home confinement with location monitoring. *Id*. at 7.

2. Mr. Vallejo served the majority of his custodial sentence and was expected to begin the period of home confinement about 48 days after the President's inauguration.

3. On January 20, 2025, the incoming President issued an executive order commuting the sentences of Mr. Vallejo and his co-defendants to time-served while pardoning other January 6 defendants. Executive Proclamation, *Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021*, available at https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021. Pursuant to the President's Order, the Bureau of Prisons has released or begun

1

releasing defendants in this case, including Stewart Rhodes and Kelly Meggs. *See* ABC News, *Oath Keepers, Proud Boys leaders out of prison after Trump Jan. 6 pardons*, available at https://abcnews.go.com/Politics/oath-keepers-proud-boys-leaders-prison-after-trump/story?id=117940370 (Jan. 21, 2025).

4. Mr. Vallejo has likewise been released. However, he was instructed by his supervising probation officer that the officer is not sure whether Mr. Vallejo will need to be outfitted with GPS monitoring and remain on home confinement pursuant to the terms of his original judgment. Mr. Vallejo and his probation officer are thus in a state of limbo following the President's Order, necessitating prompt intervention by the Court.

5. Several of Mr. Vallejo's co-defendants in this case, including Messrs. Rhodes and Meggs, received significantly lengthier sentences based on the Court's assessment of their role in the offense. However, these co-defendants were not subjected to home confinement during their term of supervised release.

6. Given this disparity, Mr. Vallejo's period of home confinement presumably reflects an intent by the Court to mitigate the overall harshness of confinement as part of an integrated custodial sentence—essentially sentencing Mr. Vallejo to four years of incarceration with the last year being spent in home confinement—rather than a judgment that Mr. Vallejo poses greater risks to the public on supervised release than Messrs. Rhodes and Meggs.

7. If so, by fashioning the sentence in this manner, the Court may have inadvertently created a situation in which the last year of this hybrid sentence may have been unintentionally unaffected by the President's commutation (if it is interpreted as not including supervised release), while the lengthy (and largely unserved) periods of imprisonment imposed on Messrs. Rhodes and

Meggs are fully terminated. This would mean that Mr. Vallejo would be subject to an additional year of home confinement following the President's Order, while his co-defendants are now free.[1]

8. Such unwarranted sentencing disparities among defendants is a factor supporting modification under 18 U.S.C. § 3353(a)(6), as incorporated in the supervised release statute, § 3583(e).

9. Pursuant to Fed. R. Crim. P. 32.1(c)(2), no hearing is required to enter this modification, since the government consents to the modification and it is favorable to the defendant.

WHEREFORE for the foregoing reasons, Mr. Vallejo respectfully requests that the Court remove the requirement of twelve months of home confinement with location monitoring from his supervised release conditions.

January 23, 2025                                    Respectfully submitted,

*[signature]*
Matthew J. Peed (D.C. Bar No. 503328)
CLINTON & PEED
1775 I St. NW, Suite 1150
Washington, D.C. 20006
(202) 919-9491 (tel)
(202) 587-5610 (fax)

*Counsel for Defendant Edward Vallejo*

---

[1] Mr. Vallejo is in the process of evaluating the full meaning of the President's Order and its implications for his supervised release and indictment and may seek additional clarification or relief from the government and Court.